# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1859MN

_____

Robert Daniel Gassler,  *
                        *
    Appellant,  *
                        *  On Appeal from the United
    v.  *  States District Court
                        *  for the District
                        *  of Minnesota.
James Bruton, Warden,  *
                        *
    Appellee.  *

_____

Submitted:  May 31, 2001
Filed:  July 2, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Robert D. Gassler Jr. appeals the District Court's[1] denial of his petition for a writ of habeas corpus on the ground that the petition was untimely under 28 U.S.C. § 2244(d)(1). Mr. Gassler claims that the District Court erred in refusing to apply the doctrine of equitable tolling. We disagree and affirm.

_____

[1] The Hon. Judge James M. Rosenbaum, United States District Judge for the District of Minnesota.

I.

The facts are undisputed. In 1992, Mr. Gassler was convicted of first-degree murder and two counts of second-degree murder in a Minnesota state court. He was sentenced to a minimum of 30 years and a maximum of life in prison. A few months later, Mr. Gassler was transferred to a federal correctional facility at Oxford, Wisconsin, to complete an unrelated sentence. In 1993, the Minnesota Supreme Court affirmed Mr. Gassler's conviction on direct appeal. In January 1994, he sent a letter to the Minnesota State Public Defender's Office, his counsel on direct appeal, requesting the transcript from his trial. In a letter dated a few days later, the Public Defender's Office informed Mr. Gassler that the trial transcript was state-owned property and could not be provided to him while he remained in an out-of-state correctional facility. The letter advised him that he could purchase a copy of the trial transcript, or select portions of the transcript which would be copied and sent to him free of cost. Mr. Gassler was also advised that the trial transcript would be sent to him, upon request, when he returned to a Minnesota correctional facility.

In August of 1995, Mr. Gassler filed a petition for writ of habeas corpus in a Minnesota state court, which was dismissed. In January 1996, he filed a 28 U.S.C. § 2254 petition for habeas corpus in the United States District Court for the District of Colorado, which was dismissed on October 1, 1996, upon the basis of forum non conveniens. Approximately two weeks later, Mr. Gassler was transferred back to a Minnesota state correctional facility, at which time he requested the trial transcript from the Minnesota State Public Defender's Office. He received the transcript on December 27, 1996. He initiated proceedings for post-conviction relief in a state court on June 6, 1997. The Minnesota Supreme Court denied post-conviction relief on April 1, 1999. See Gassler v. State, 590 N.W.2d 769 (Minn. 1999). On August 9, 1999, Mr. Gassler filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court.

Before Magistrate Judge Arthur J. Boylan, the state moved for summary dismissal of the petition as untimely under 28 U.S.C. § 2244(d)(1). In response, Mr. Gassler argued that the time during which the state denied him access to the trial transcript should be tolled, because without the transcript he could not properly prepare his post-conviction relief arguments. Thus, he contends the statute of limitations did not commence until December 27, 1996, when he received the trial transcript.

In his Report and Recommendation, Judge Boylan held that since Mr. Gassler's conviction had become final before the passage of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the one-year statute of limitations commenced on AEDPA's effective date, April 24, 1996. Thus, in the view of the Magistrate Judge, Mr. Gassler should have filed his petition by April 24, 1997. Judge Boylan declined to exclude the time between April 24, 1996, and December 27, 1996, when Mr. Gassler received the trial transcript.

The District Court adopted Judge Boylan's Report and Recommendation and entered judgment dismissing the petition. On appeal to this Court,[2] the case was remanded to the District Court for a determination of whether or not a Certificate of Appealability (COA) should issue. The District Court granted a COA on the sole issue of whether or not the petition was timely.

---

[2]Mr. Gassler filed a notice of appeal which was treated as an application for a COA. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), cert. denied, 525 U.S. 834 (1998). The case was remanded to the District Court for consideration in light of Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

II.

April 24, 1996, was the effective date of AEDPA. Petitioner's time for filing, absent extensions or tolling of some sort, would expire on April 24, 1997. It was not until after that date that petitioner commenced his state post-conviction proceeding.[3]

Accordingly, this petition is barred unless petitioner is entitled to an extension, so to speak, on account of the difficulty of obtaining the transcript of his trial. His effort to obtain a transcript began in January 1994, but was thwarted at that time by the State's policy against sending a transcript to a prisoner incarcerated out of state. After petitioner returned to Minnesota, and against requested the transcript, it was provided without extraordinary delay. The request was made in the middle of October, 1996, and the transcript was received by petitioner at the end of December of that year. It was not until five months after that that petitioner commenced proceedings for post-conviction relief in the state courts.

We do not think that these delays in obtaining the transcript of the trial should have the effect of extending the limitations period. The doctrine of equitable tolling may apply here, because the limitations period in § 2244(d)(1) is not a jurisdictional bar. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 519 U.S. 1083 (1997). However, equitable tolling is appropriate only under limited conditions, for example, where "extraordinary circumstances" beyond a prisoner's control prevent the timely filing of a petition. See id; Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (declining to toll limitations on account of a delay in the mail

---

[3]We do not know the details of the federal habeas proceeding filed in the District of Colorado. Petitioner does not contend that it should have anything to do with the timeliness of the case before us. In any event, the Supreme Court has now held that the phrase "application . . . for other collateral review" in 28 U.S.C. § 2244(d)(2) does not include federal habeas petitions.

system between prisons). Equitable tolling is also appropriate where the "conduct of the defendant has lulled the plaintiff into inaction." Kreutzer, 231 F.3d at 463.

Here, we understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript. Further, petitioner could have obtained copies of portions of the transcript free. And we are not told which particular claims petitioner was prevented from raising by the lack of a complete transcript.

Accordingly, we hold that the District Court did not err in dismissing this petition as barred by the one-year statute of limitations. The judgment of that Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.