# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3114

_____

Hanifi Jihad,                          *

                                 *

    Petitioner - Appellant,      *

                                 *    Appeal from the United States

v.                           *    District Court for the

                                 *    District of Minnesota.

Sheryl Ramstad Hvass, Commissioner   *

of Corrections,                *

                                 *

    Respondent - Appellee.      *

_____

Submitted:  May 14, 2001

Filed:  October 5, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Minnesota inmate Hanifi Jihad appeals the district court's[1] dismissal of his habeas corpus petition as time-barred by the one-year statute of limitations enacted in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), now codified at 28 U.S.C. § 2244(d). The principal issue is whether the district court should have

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the HONORABLE JOHN M. MASON, United States Magistrate Judge for the District of Minnesota.

equitably tolled the one-year limitations period during the time Jihad was "diligently pursuing his state post-conviction remedies" prior to filing a petition for state post-conviction relief. We affirm.

AEDPA's one-year statute of limitations begins to run on the latest of four alternative dates set forth in § 2244(d)(1). In three of those alternatives, Congress recognized that some theories of federal habeas relief are not, as a practical matter, available immediately after a conviction becomes final on direct appeal, either because state action creates an impediment to filing the federal habeas petition, or because the factual or legal predicate for a particular theory are not yet available. In all other cases, including this one, the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Jihad's conviction was affirmed on direct appeal by the Supreme Court of Minnesota on October 31, 1996. State v. Jones, 556 N.W.2d 903 (Minn. 1996). It is settled that "the conclusion of direct review" includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari. See Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Accordingly, Jihad's one-year limitations period began to run ninety days after October 31, 1996. The statute directs that the one-year period shall be tolled while the habeas petitioner exhausts any available state post-conviction remedies:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2); see Artuz v. Bennett, 531 U.S. 4 (2000). In this case, Jihad filed a pro se petition for state post-conviction relief on October 8, 1997.

The state trial court denied post-conviction relief, and the Supreme Court of Minnesota affirmed on May 6, 1999. Jihad v. State, 594 N.W.2d 522 (Minn. 1999). Jihad filed this petition for federal habeas corpus relief on September 17, 1999. The district court added together the period from ninety days after October 31, 1996, to October 8, 1997, and the period from May 6 to September 17, 1999, and concluded that Jihad's petition was time-barred by some three weeks. Jihad does not question the arithmetic. He questions the district court's decision to include all of both periods in calculating whether his petition was filed within the prescribed one year.

1. Jihad first argues that the one-year period should exclude the ninety days following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court. In this case, excluding ninety days would make Jihad's federal petition timely. However, after the parties submitted their briefs, this court joined four other Circuits in holding that § 2244(d)(2) does not toll the statute of limitations for this ninety-day period. Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001), cert. denied, 121 S. Ct. 1663 (2001).[2] Our panel is bound to follow Snow.

2. Jihad next argues that he is entitled to equitable tolling of the one-year statute of limitations. It is settled in this circuit (and most others) that the statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief:

---

[2]Accord Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000), cert. denied, 121 S. Ct. 1211 (2001); Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000), cert. denied, 121 S. Ct. 1129 (2001); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099 (2000); Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000).

> Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction.

Kreutzer v. Bowersox, 231 F. 3d 460, 463 (8th Cir. 2000) (citations omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. June 11, 2001) (No. 00-10520).

Jihad filed his petition for state post-conviction relief in October 1997. He argues that he is entitled to equitable tolling for the period prior to October 1997 when he was "diligently pursuing his state post-conviction remedies." But the statute is to the contrary. Congress took many equitable factors into account in providing that the one-year limitations period does not begin to run until federal habeas relief is available. § 2244(d)(1)(B)-(D). Congress further provided that the one-year period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2). It would frustrate the legislative judgment that one year is an appropriate limitations period if judges were to use the doctrine of equitable tolling to exclude the period before the state application was "properly filed" on the ground that it was being "diligently pursued." As the Fourth Circuit said in limiting equitable tolling to extraordinary circumstances external to the petitioner, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Moreover, the specific actions Jihad cites as evidence of his diligent pursuit have been consistently rejected as grounds for equitable tolling. Jihad submitted an affidavit to the district court averring that in early 1997 he unsuccessfully sought assistance in preparing a petition for state post-conviction relief from the local state and federal public defender offices. He also submitted copies of inquiries he directed to the state trial court judge and a March 27, 1997, letter from the deputy clerk of court telling him

-4-

how to commence a state post-conviction proceeding. Finally, he averred that his trial counsel did not send him the trial transcript until June 1997.

We agree with the district court that these were not the kind of extraordinary circumstances beyond Jihad's control that entitle him to equitable tolling of the one-year statute of limitations.[3] There is no constitutional right to counsel in seeking state post-conviction relief, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and no statutory right to counsel under Minnesota law, see Minn. Stat. § 590.05 (2000). Thus, an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.), cert. denied, 531 U.S. 840 (2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999); cf. Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). Likewise, lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling. See Gassler, 255 F.3d at 495. In sum, Jihad is not entitled to equitable tolling. His pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period. These were not extraordinary circumstances

---

[3]Our court has not decided whether a district court's refusal to apply equitable tolling is reviewed *de novo* or for abuse of discretion. Our sister circuits are not in accord on the issue. Compare Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (abuse of discretion), cert. denied, 121 S. Ct. 1124 (2001) , and Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996) (same), with United States v. Saro, 252 F.3d 449, 455 n.9 (D.C. Cir. 2001) (abuse of discretion but *de novo* if district court ruled as a matter of law), and Dunlap v. United States, 250 F.3d 1001, 1007-08 n.2 (6th Cir. 2001) (same), with Helton v. Secretary for the Dept. of Corrections, 259 F.3d 1310 (11th Cir. 2001) (*de novo*), and Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) (same). It is clear we review for clear error any relevant findings of fact made by the district court. See Miller v. Runyon, 32 F.3d 386, 390 (8th Cir. 1994). But in this case, the district court made no findings. Because the court appeared to treat equitable tolling as an issue of law, we have reviewed its ruling *de novo*.

beyond Jihad's control, and the State did nothing to prevent him from taking more timely action.

3.    Finally, Jihad argues that we may waive or forgive his three-week untimeliness because 28 U.S.C. § 2263(b)(3) authorizes federal courts to grant an extension "not to exceed 30 days." This contention was not raised in the district court, and it is beyond Jihad's certificate of appealability. See 28 U.S.C. § 2253(c)(1); Ramsey v. Bowersox, 149 F.3d 749, 759 (8th Cir. 1998), cert. denied, 525 U.S. 1166 (1999). In any event, the contention is without merit because § 2263 applies only to petitioners subject to a capital sentence. See 28 U.S.C. § 2261(a).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.