# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3261

KENNETH J. LLOYD,

*Petitioner-Appellant,*

v.

JOHN R. VANNATTA,*

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 00 C 781—**Allen Sharp**, *Judge.*

SUBMITTED JUNE 26, 2002**—DECIDED JULY 24, 2002

---

* At the time Mr. Lloyd filed his petition, Charles Miller was the Superintendent of the Pendleton Correctional Facility, where Mr. Lloyd was incarcerated. During the pendency of this appeal, Mr. Lloyd was transferred to the Miami Correctional Facility in Bunker Hill, Indiana, whose Superintendent is John VanNatta. Accordingly, VanNatta is the proper respondent, and we have substituted him as respondent-appellee in both the caption and text of this opinion. Fed. R. App. P. 43(b); *Henderson v. DeTella*, 97 F.3d 942 n.* (7th Cir. 1996).

** After an examination of the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Before BAUER, RIPPLE and MANION, *Circuit Judges.*

PER CURIAM.  In 1993, Kenneth Jerome Lloyd was convicted in Indiana state court of neglect of a dependent and sentenced to twenty years' imprisonment. After pursuing unsuccessful appeals and post-conviction proceedings in state court, Mr. Lloyd filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging *inter alia* that his conviction was unconstitutional because the prosecution engaged in misconduct during its closing argument. The district court dismissed Mr. Lloyd's petition as untimely, and he appeals. For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

### A.  State Court Proceedings

Mr. Lloyd was convicted by a jury in July 1993 of the charge of neglect of a dependent after his girlfriend's son died while under his care. Mr. Lloyd appealed, but the Indiana Court of Appeals dismissed his appeal on procedural grounds. The Supreme Court of Indiana granted his Petition to Transfer and affirmed his conviction on the merits on August 7, 1996. *See Lloyd v. State*, 669 N.E.2d 980 (Ind. 1996). His conviction became final on November 5, 1996, the deadline by which he could have filed—but did not file—a petition for a writ of certiorari in the Supreme Court of the United States. On January 5, 1998, Mr. Lloyd filed a petition for post-conviction relief in the St. Joseph (Indiana) Superior Court, which was denied. The Indiana Court of Appeals affirmed the denial of his post-conviction petition, *see Lloyd v. State*, 717 N.E.2d 895 (Ind. App. 1999), and, on March 22, 2000, the Supreme Court of Indiana

denied Mr. Lloyd's petition to transfer. *See Lloyd v. State,* 735 N.E.2d 227 (Ind. 2000) (table).

## B.  District Court Proceedings

Mr. Lloyd filed his petition for a writ of habeas corpus in the Northern District of Indiana on October 30, 2000, asserting that he had received ineffective assistance of trial and appellate counsel, that the evidence presented at trial was insufficient to support his conviction and that his conviction was unconstitutional because the prosecution engaged in misconduct during its closing argument by asserting that Mr. Lloyd, who had not been charged with murder, had beaten his girlfriend's son to death. Respondent John VanNatta moved the court to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1) because it was filed more than one year after Mr. Lloyd's conviction became final. Mr. Lloyd filed a traverse to VanNatta's motion, admitting that his petition was filed late but asserting that the delay in filing was caused by an external impediment—the State of Indiana's failure to provide him with a complete transcript of his trial—and consequently his untimeliness should be excused. The district court rejected Mr. Lloyd's argument and dismissed his petition. The court subsequently granted Mr. Lloyd a certificate of appealability ("CA") on the issue of whether his inability to obtain a complete copy of his trial transcript tolled the one-year statute of limitations under § 2244(d)(1).[1]

---

[1] In his brief, VanNatta asserts that we should vacate the certificate of appealability issued to Mr. Lloyd and dismiss this appeal because the CA does not identify a constitutional issue debatable among jurists and thus does not satisfy the mandates

(continued...)

## II
## DISCUSSION

### A.  Standard of Review

Mr. Lloyd argues that the district court erred by dismissing his § 2254 petition as untimely, asserting that the time for filing his petition should have been tolled because the state failed to provide him with a complete trial transcript. We review the district court's legal conclusion that his petition was untimely de novo. *See Anderson v. Litscher*, 281 F.3d 672, 673 (7th Cir. 2002).

### B.  Timeliness of Petition

Under § 2244(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner must file a petition for a writ of habeas corpus within one year from the date on which his conviction became final, excluding the time that any "properly filed" petition for state post-conviction or other collateral relief is pending. *See* § 2244(d)(2); *Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th

---

[1] (...continued)
of 28 U.S.C. § 2253(c)(2) and (3). However, a panel of this court denied as untimely a previous motion brought by VanNatta to vacate the CA, and we decline to revisit that determination at this time. *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000); *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (government must bring alleged defect in CA to this court's attention "early in the process"). Additionally, Mr. Lloyd has identified a constitutional issue sufficient to support the grant of a CA—whether the prosecution engaged in misconduct during closing argument—and we thus may reach the merits of Mr. Lloyd's statutory timeliness argument. *See Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000); *Brooks v. Walls*, 279 F.3d 518, 521 (7th Cir. 2002).

Cir. 2000), *cert. denied,* 532 U.S. 950 (2001). Mr. Lloyd's petition is clearly untimely under this statute: his conviction became final on November 5, 1996, and he did not file his habeas corpus petition in the district court until October 30, 2001, some 1,454 days later. Even when the period that his state post-conviction proceedings were pending (January 5, 1998, to March 22, 2000) is excluded from the calculation, a total of 807 days, Mr. Lloyd filed his petition 647 days after his conviction became final, well outside the one-year statutory limit.

However, an exception to the general statute of limitations of § 2244(d)(1)(A) is contained in § 2244(d)(1)(B), which permits a prisoner to file a habeas corpus petition within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Mr. Lloyd appears to argue that the state's failure to provide him with a complete trial transcript impeded his ability to file his habeas corpus petition, and that the statute of limitations therefore should not begin to run until he receives the transcripts. According to Mr. Lloyd, he was unable to present his strongest argument to the court—that the prosecution engaged in misconduct during closing arguments—because he has yet to obtain a transcript of the opening and closing arguments of his trial.

The state's failure to provide Mr. Lloyd with a transcript did not prevent him from filing his habeas corpus petition, and the time limit contained in § 2244(d)(1)(B) does not apply to this case. Although neither § 2244 nor this circuit has defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition. Even though

Mr. Lloyd apparently has not yet received the transcripts he sought, he was able to raise the issue of prosecutorial misconduct in his federal habeas corpus petition. Although mere notice pleading is not sufficient in the habeas corpus context, *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977), there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition). Here, Mr. Lloyd was able to provide sufficient factual support for his claims without possessing the complete transcript—he alleged in his petition that the prosecution's improper reference that he "beat [his girlfriend's child] to death," R.1, ¶ 12c, when he was not charged with murder constituted prosecutorial misconduct. If Mr. Lloyd desired the complete trial transcript to aid the court in deciding his petition, he could have sought the district court's help in obtaining the missing portions through discovery after he filed his petition. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); Rule 6, Rules Governing § 2254 Cases. Because Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this case.

## C. Equitable Tolling

Mr. Lloyd also argues that equitable tolling should be applied to excuse the delay in filing his petition. Although

we have not yet "conclusively determined whether, or to what extent, the one-year deadline in § 2244(d)(1) is actually subject to the doctrine of equitable tolling," *Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001), *cert. denied*, 122 S. Ct. 1318 (2002), it is clear that the state's alleged refusal here to provide Mr. Lloyd with a complete transcript does not justify equitable tolling.

For equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Id.* Here, Mr. Lloyd was present at his trial and knew the basis on which he could have asserted prosecutorial misconduct; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition. *See Montgomery v. Meloy*, 90 F.3d 1200, 1203-04 (7th Cir. 1996); *see also McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (unavailability of document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); *Donovan*, 276 F.3d at 93 (petitioner who attended evidentiary hearing did not need transcript to file habeas petition). While we have not yet specifically addressed whether lack of a transcript would support equitable tolling, the other circuits to consider this issue have held that the unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition. *See Donovan*, 276 F.3d at 93 (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); *Gassler*, 255 F.3d at 495 (same); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to transcript does not preclude petitioner from commencing habeas corpus proceedings and does not warrant equitable tolling); *Osborne v. Boone*, No. 99-7015, 1999 WL 203523, at *2 (10th Cir. 1999) (unpublished order) (same, on denial of CA). We find

these cases persuasive, and we join our sister circuits in holding that equitable tolling does not excuse Mr. Lloyd's late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition.

### Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Mr. Lloyd's petition for a writ of habeas corpus.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*