Antonio DE JESÚS–VELÁZQUEZ,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil No. 11–1658 (ADC).
Cr. No. 08–163 (ADC).

United States District Court,
D. Puerto Rico.

Signed Aug. 5, 2014.

Antonio De–Jesus–Velazquez, Glenville, WV, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION & ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Petitioner, Antonio De Jesús–Velázquez ("petitioner"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 motion"), on July 11,

2011. **ECF No. 1.** The Court granted petitioner leave to proceed *in forma pauperis.* **ECF No. 5.** On October 30, 2012, the government opposed petitioner's 2255 motion. **ECF No. 7.** For the reasons set forth below, the Court **DENIES** petitioner's 2255 motion (**ECF No. 1**).

## I. Factual and Procedural History

On April 16, 2009, petitioner pled guilty to Count One of the indictment pursuant to a plea agreement accorded under the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. **Criminal No. 08–163, ECF Nos. 423, 425.** The sentencing hearing was held on July 21, 2009. *Id.* at ECF No. 259. The Court sentenced petitioner to a term of imprisonment of one hundred and twenty (120) months. *Id.* at **ECF No. 566.** Additionally, the Court imposed a supervised release term of ten (10) years and a one hundred dollar ($100.00) Special Monetary Assessment. *Id.* Petitioner filed a timely notice of appeal. *Id.* at **ECF No. 575.** On May 27, 2010, The First Circuit Court of Appeals entered Judgment dismissing the case pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. *See United States v. De–Jesús–Velázquez,* Appeal No. 09–2190 (1st Cir.2010). As petitioner voluntarily dismissed the appeal, the conviction became final.

Petitioner signed his 2255 motion on June 12, 2011 and mailed the same on June 15, 2011. *See* **ECF No. 1,** *Id.* at Ex. 1. The same was docketed on July 11, 2011. *Id.* Petitioner claims his trial counsel failed to provide effective legal representation inasmuch as defense counsel: (a) failed to argue that the amount of marijuana attributed to him was erroneous; and (b) extraordinary circumstances merit review of his conviction because he has a child who was recently diagnosed with autism. **ECF No. 1.** The government op-

posed the motion, arguing that the petition is time-barred. **ECF No. 7.** Furthermore, the government avers that petitioner failed to properly address the contention that his counsel's assistance in advising him to plead guilty, and in representing him, was ineffective. *Id.*

## II. Timeliness of the Appeal

Section 2255(a) provides that a prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255; *Hill v. United States,* 368 U.S. 424, 427 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

The government avers that petitioner filed a timely notice of appeal, but voluntarily dismissed his appeal before the First Circuit Court of Appeals ruled on the validity of his conviction and sentence. **Criminal No. 08–163, ECF No. 575.** The First Circuit entered judgment dismissing the case pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure; therefore, the government argues that more than a year had transpired since the appellate court granted voluntary dismissal and the petitioner filed his 2255 motion. **ECF No. 7** at 2–3. Petitioner did not oppose the government's timeliness arguments.

The Court agrees with the government. Here, the statute of limitation began running on May 27, 2010, the day the First Circuit entered judgment. *United States v. Caribe–Garcia,* 711 F.Supp.2d 225, 227 (D.P.R.2010). Thus, barring any bases for statutory or equitable tolling, petitioner had one year, that is until May 27, 2011 to file his petition. 28 U.S.C.

§ 2255(f); *Trenkler v. U.S.*, 536 F.3d 85, 96 (1st Cir.2008) (AEDPA instituted a one-year statute of limitations for filing a section 2255 petition.). Petitioner signed his 2255 motion on June 12, 2011. **ECF No. 1.** Petitioner did not establish any basis for equitable tolling, nor did he state any reason for the belated submission. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) ("We have made it pellucid 'that equitable tolling, if available at all, is the exception rather than the rule; [and that] resort to its prophylaxis is deemed justified only in extraordinary circumstances.' "). As such, petitioner's 2255 motion is untimely. *Lattimore v. Dubois*, 311 F.3d 46, 53–54 (1st Cir.2002) (reversing the district court's decision to grant petitioner a grace period and dismissing the habeas petition as untimely).

However, even if the Court were to consider petitioner's 2255 motion as timely, the same is still found wanting on the merits. We briefly discuss the reasons below.

### III. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, petitioner "must show both deficient performance by counsel and resulting prejudice." *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir.2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). For the "deficient performance" prong, petitioner must prove that his trial counsel's representation "fell below an objective standard of reasonableness." *Id.* (citing to *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). Reasonableness is considered in the light of "prevailing professional norms," bearing in mind that review of counsel's performance is deferential and that a strong presumption exists that said

performance "falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 688–9, 104 S.Ct. 2052). Thus, "[t]o satisfy the deficient-performance prong, the defendant 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.' " *U.S. v. Manon*, 608 F.3d 126, 131 (1st Cir.2010) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052).

On the other hand, the "prejudice" prong requires petitioner to show with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38–39, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (per curiam)(quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052) (quotation marks omitted). Thus, petitioner must establish "a probability sufficient to undermine confidence in [that] outcome." *Tevlin v. Spencer*, 621 F.3d at 66 (quoting *Porter*, 558 U.S. at 44, 130 S.Ct. at 455–56, quoting *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052). "In making the prejudice assessment, we focus on the fundamental fairness of the proceeding." *U.S. v. Manon*, 608 F.3d at 131–32 (internal citations and quotations omitted).

█ First, with regard to the ineffective assistance of counsel claim, the Court notes that petitioner's 2255 motion discusses counsel's failure to dispute the amount of narcotics attributed to the petitioner. **ECF No. 1.** Petitioner voluntarily entered a guilty plea, despite being warned of the conspiracy concept both by defense counsel and the Court. **Criminal No. 08–163,**

ECF No. 749 at 39–42.[1] The record reflects that defense counsel instructed petitioner of the consequences of being involved in a conspiracy and requested the Court to further explain the concept, to which the Court obliged. **Criminal No. 08–163, ECF No. 749 at 39–42.**

Second, petitioner acquiesced that he understood the responsibility that could be attributed to him in the distribution of narcotics because of his involvement in the conspiracy. *Id.* at 41. Therefore, the Court finds that petitioner has not met his burden of proof to demonstrate that his trial counsel fell below an objective standard of reasonableness. Petitioner was informed by both his defense counsel and the Court what being involved in a conspiracy entailed and he understood the consequences of such conduct. In light of the foregoing, the Court is unpersuaded by petitioner's ineffective assistance of counsel claim.

## IV. Extraordinary Circumstances

█ Last, petitioner argues that his conviction should be vacated and a lower sentence imposed due to extraordinary circumstances because his son was diagnosed with autism and his family needs him. **ECF No. 1 at 12.** The Court had been made aware of this both in the pre-sentence report and during petitioner's allocution at sentencing. Although the Court empathizes with the situation, the same is insufficient to vacate the conviction. Petitioner pled guilty to a charge of possession

with intent to distribute at least one thousand (1,000) but less than three thousand (3,000) kilograms of marijuana. **Criminal No. 08–163, ECF No. 749 at 28.** Petitioner also acknowledged that the group he joined to distribute drugs was carrying on its venture in a public housing project within one thousand feet of a public school. *Id.* at 41. In light of petitioner's plea and admissions, the Court sentenced him to the statutory minimum of one hundred twenty (120) months for his offense. *See* U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f)(1)-(5). Thus, the Court already considered this circumstance when it imposed a sentence of the mandatory minimum.[2]

## V. Certificate of Appealability

█ Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, because the record conclusively refutes each of the claims that petitioner raises, the Court finds that petitioner is

---

1. In order to attack the voluntary and intelligent character of the guilty plea, petitioner must show that the advice he received from his counsel fell below the standards set forth in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Thus, in order to prevail, petitioner must show that counsel fell below an objective standard of reasonableness and that he would have insisted on going to trial but for his counsel's deficient performance in accordance with *Strickland v.*

*Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* Petitioner has not met this burden.

2. The Presentence Report properly addressed that the term of imprisonment for the offense petitioner plead guilty to carried a mandatory minimum of ten (10) years and a possible maximum of life imprisonment. *See* Presentence Report.

not entitled to a COA. Therefore, a COA is **DENIED.**

## VI. Conclusion

In light of the foregoing, petitioner's 2255 motion (**ECF No. 1**) is hereby **DISMISSED WITH PREJUDICE.** Petitioner is **DENIED** a COA. The Clerk is instructed to enter judgment accordingly.

**SO ORDERED.**