

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2003

# Pace v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Pace v. Vaughn" (2003). *2003 Decisions.* Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3049
_____


JOHN A. PACE


v.


DONALD VAUGHN; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA,

Appellants

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 99-cv-06568)
District Judge:  The Honorable James T. Giles

_____


Submitted Under Third Circuit LAR 34.1(a)
July 7, 2003

BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges.


(Filed July 30, 2003)

----------

OPINION OF THE COURT

----------

NYGAARD, Circuit Judge.

In this case, the Commonwealth of Pennsylvania argues that the District Court erred by both statutorily and equitably tolling the statute of limitations for the federal habeas corpus petition of appellee John Pace under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(2), during the period of time Pace was pursuing post conviction relief in state court under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (1998) (PCRA). At issue is whether Pace's application for state post-conviction relief was "properly filed" under 28 U.S.C. § 2244(d)(2). We hold that our recent case, *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003), controls the analysis here, and because we find that the application was not properly filed and that equitable tolling was not justified, we will reverse the District Court.

I.

The one-year limitation of the AEDPA is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Pace's petition was statutorily tolled only if his petition for state post-

2

conviction review was both pending and "properly filed." *Merritt*, 326 F.3d at 162. In

*Merritt*, which was decided after Judge Giles issued his opinion, we analyzed our

decision in *Fahy v. Horn*, 240 F.3d 239 (3d Cir. 2001):

> We held in *Fahy* that an untimely PCRA petition does not toll
> the statute of limitations for a federal habeas corpus petition. .
> . . In *Fahy*, we noted that when applying AEDPA, 'we must
> look to state law governing when a petition for collateral
> relief is properly filed' and 'defer to a state's highest court
> when it rules on an issue.' Consequently, just as in *Fahy*, we
> must defer to the state court's holding that Merritt's PCRA
> petition was untimely and it follows that it was not 'properly
> filed' under AEDPA.

*Id.* at 165-66 (citations omitted). Because the highest state court had held that Merritt's

PCRA petition was untimely, it was not "properly filed" under AEDPA.

We do not see any material distinctions between our treatment of Merritt's

*pro se* second PCRA petition and Pace's. We are therefore bound by the state court's

finding that Pace's second PCRA petition was untimely, and we must reverse the District

Court's order holding that Pace's second PCRA petition was tolled by the statute.

## II.

The general requirements for equitable tolling are that (1) the petitioner has

established that he has been prevented from asserting his rights "in some extraordinary

way," and (2) the petitioner has demonstrated that he "exercised reasonable diligence in

investigating and bringing [the] claims." *Id.* at 168 (citations omitted).

The Commonwealth contends that, contrary to the determination of the District Court, the lack of certainty as to how Pennsylvania courts would interpret the PCRA is not an "extraordinary" circumstance. We agree. In *Merritt*, we explained:

> We recognized that in 1997, when Fahy's PCRA petition was filed, the newly established PCRA time limit was 'unclear' and 'inhibitively opaque.' Indeed, we stated that based on that uncertainty, Fahy 'reasonably believed that the state petition was properly filed.' However . . . in *Fahy* we 'did not hold that this lack of clarity in Pennsylvania law constituted extraordinary circumstances.' In fact, we stated that 'in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.' Instead of finding extraordinary circumstances, we based our decision to apply equitable tolling in *Fahy* on the accepted principle that 'death is different.' . . . This case is similar to *Fahy*. . . . [I]t was not unreasonable (indeed it was appropriate) for Merritt to have believed he was required to exhaust his state remedies by filing a second PCRA petition prior to filing a habeas petition in federal court. . . . Although Merritt faces the grave penalty of mandatory life sentence without the possibility of parole, we cannot apply the rationale of *Fahy* to Merritt's situation without violating our tradition of avoiding intracircuit conflict of precedent.

*Merritt*, 326 F.3d at 169-70 (citations omitted). *Merritt* established that the uncertain PCRA time limit is not an "extraordinary" circumstance in the case of mandatory life sentence without the possibility of parole. In addition, the *Merritt* panel held that because Merritt did not act promptly after the decisions of the Pennsylvania Superior Court in

1997,[1] at which point "Pennsylvania law as to the time bar of the PCRA became clear," there was no basis to find Merritt's habeas petition timely under the doctrine of equitable estoppel. This case is on all fours with *Merritt*. We therefore conclude that there are no extraordinary circumstances that would allow for equitable tolling.

### III.

In conclusion, we hold that there is no basis to find Pace's habeas petition timely, either under the statute or under the doctrine of equitable estoppel. Indeed, Pace himself concedes that "*Merritt* is materially indistinguishable from *Pace* and, thus, *Merritt*'s denial of both statutory and equitable tolling would apply here." Appellee's Supp. Br. Re: *Merritt*, at 1. Based on the foregoing, we will reverse the District Court, and dismiss Pace's petition for habeas corpus as time-barred under the AEDPA.

---

1.    *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. Ct. 1997); *Commonwealth v. Conway*, 706 A.2d 1243 (Pa. Super. Ct. 1997).

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard
Circuit Judge

6