# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1294

_____

Mark Douglas Walker,           *
                                 *

          Appellant,      *

                                 *   Appeal from the United States

    v.                          *   District Court for the

                                 *   Eastern District of Arkansas.

Larry Norris, Director,        *

Arkansas Department of Correction,  *

                                 *

          Appellee.      *

_____

Submitted: October 11, 2005
Filed: January 31, 2006

_____

Before RILEY, HANSEN, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Mark Walker (Walker) filed an application for federal habeas corpus relief in the United States District Court for the Eastern District of Arkansas pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254.

The district court[1] dismissed the application as time barred under the AEDPA's one-year statute of limitations. This appeal followed. We affirm.

## I.    BACKGROUND

A jury convicted Walker of manslaughter, first degree battery, and leaving the scene of an accident. The Arkansas Circuit Court of Benton County sentenced Walker to 36 years' imprisonment. Walker's convictions were affirmed on direct appeal, and the Arkansas Supreme Court denied his petition for review on September 9, 1999.

Walker had sixty days from the date the Arkansas Supreme Court denied his petition for review to file a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37. Ark. R. Crim. P. 37.2(c). Rule 37 describes who may file a petition and how a petition should be presented: "A petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified . . . may file a verified petition in the court which imposed the sentence, praying that the sentence be vacated or corrected." Ark. R. Crim. P. 37.1. Rule 37 also specifies requirements as to the content, format, and length of the petition, and warns, "[p]etitions which are not in compliance with this rule will not be filed without leave of the court." Ark. R. Crim. P. 37.1(e).

On November 8, 1999, a pro se petition bearing Walker's name was filed in Arkansas Circuit Court of Benton County.[2] Walker's signature appeared on the "Petitioner, pro se" verification line; however, the notary verification lines were left blank. The signature of Walker's trial counsel, Chadd Mason (Mason), appeared on

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the Report and Recommendation of the Honorable John Forester, United States Magistrate Judge for the Eastern District of Arkansas.

[2]A petition to correct sentence was filed the same day, but is not at issue in this appeal.

the "Respectfully submitted, ____, Petitioner, pro se" line. The petition asserted claims for ineffective assistance of counsel, erroneous jury instructions, prosecutorial misconduct, and improper admission of evidence. The petition also contained requests for *in forma pauperis* status and appointment of counsel. Appointed counsel filed an amended petition on June 23, 2000. The state moved to dismiss the petition arguing, *inter alia*, the circuit court lacked jurisdiction because Walker failed to have the original petition verified, and failed to file an amended petition within the sixty-day time limit pursuant to Rule 37.

The circuit court conducted an evidentiary hearing on the issue of verification, and questioned Walker about the preparation of his pro se petition. Walker testified, "I signed the back of the Rule 37 [petition] and also signed the part where it was supposed to be notarized," and sent the petition to Mason "to fill it all out and plus get it notarized." When asked about the notarization requirement, Walker said, "I told [Mason] that from what I found in the law library pertaining to stuff like this it said that in most cases [the petition] does need to be notarized and I told him what I found and he said, well, no, it didn't need to be notarized." Walker also testified he could have obtained a Rule 37 pro se petition at any time, and he knew there was a statute of limitations on filing a Rule 37 petition.

Mason testified he thought he still represented Walker when he agreed to file the Rule 37 petition. Mason recognized a conflict of interest existed since Walker asserted an ineffective assistance of counsel claim against Mason. Nonetheless, Mason said he felt he had a duty to help Walker complete the petition. Mason completed the petition based on Walker's written instructions. When asked about Walker's unverified signature, Mason said he had no legal basis to have Walker's signature notarized since Walker had not signed the petition in Mason's presence. Mason explained the filing deadline was Monday, November 8, 1999, but he received the materials from Walker shortly before or on the day the petition was due, leaving no time to return the petition to Walker for notarization.

On May 10, 2001, the circuit court dismissed Walker's petition with prejudice, concluding it lacked jurisdiction because Walker had not filed a verified petition within the Rule 37 deadline. The circuit court was dismayed at the behavior of Mason and Walker, and remarked that such conduct "underscores the reasoning behind the [Arkansas] Supreme Court's apparent strict enforcement of the [Rule 37] verification requirement." The circuit court entered its judgment on June 13, 2001. On June 13, 2002, the Arkansas Supreme Court affirmed, reasoning Rule 37's verification requirement is of substantive importance to prevent perjury and its deadline requirement is jurisdictional in nature. Walker v. State, No. CR 02-37, 2002 WL 1303387 (Ark. June 13, 2002) (unpublished) (citing Carey v. State, 596 S.W.2d 688, 689 (Ark. 1987), and Porter v. State, 2 S.W.3d 73, 75 (Ark. 1999)). The Arkansas Supreme Court concluded Walker's first petition was invalid because it lacked verification, and he did not file his second petition within the sixty-day time limit. Id.

On April 10, 2003, Walker filed a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel on direct appeal. The district court reasoned the Arkansas Supreme Court's determination was binding and, therefore, Walker's Rule 37 petition was not properly filed. The district court then found the statute did not toll during the pendency of Walker's state post-conviction relief proceedings. Adding ninety days to the date the Arkansas Supreme Court denied review of Walker's direct appeal, see Sup. Ct. R. 13.1, the district court determined Walker's state convictions became final on December 8, 1999. See Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc) (holding a state court judgment becomes "final under § 2244(d)(1)(A) upon the expiration of his time to file a petition for a writ of certiorari"). Under the AEDPA's one-year statute of limitations, Walker's section 2254 filing deadline was December 8, 2000. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Because Walker filed his section 2254 petition on April 10, 2003, the district court dismissed the petition as time barred.

-4-

On appeal, Walker argues Arkansas's verification ruling did not bar federal habeas review because the rule (1) was not firmly established at the time he filed his Rule 37 petition, (2) has not been followed regularly or applied consistently, (3) does not provide guidance as to what constitutes a properly verified petition, and (4) does not provide reasonable notice that notarization of the petition is jurisdictionally required. Alternatively, Walker argues he is entitled to equitable tolling of the statute. Walker submits sixteen Arkansas state court cases where the court reached the merits of unverified petitions as proof the rule is not consistently applied.

## II.    ANALYSIS

This court has "jurisdiction to review a district court's ruling on 'preliminary procedural issues, such as [a] limitations question' [and] review[s] the district court's interpretation of the one-year AEDPA limitation provision de novo." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Nichols, 172 F.3d at 1070 n.2). The AEDPA establishes a one-year statute of limitations for filing federal habeas corpus petitions which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

### A.    "Properly Filed" Under the AEDPA

The issue on appeal is whether Walker's state post-conviction relief petition, which was dismissed by the Arkansas Supreme Court as invalid, is nonetheless properly filed for purposes of the AEDPA. Based on Supreme Court precedent, we find it is not.

In Artuz v. Bennett, 531 U.S. 4, 5, 8 (2000), the Supreme Court defined a "properly filed" state post-conviction relief petition under section 2244(d)(2):

An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

(citations and footnote omitted).

After Artuz, the Supreme Court in Carey v. Saffold, 536 U.S. 214, 217 (2002), defined a "pending" state post-conviction relief petition under section 2244(d)(2). The Court determined a petition is pending during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." Id. The Court intimated, if the state court ultimately determines the petition did not comply with the state's timeliness requirements, the petition would not have been pending during that period within the meaning of section 2244(d)(2)'s tolling provision. Id. at 226. Thus, the Court concluded once the state's highest court determines the petition is untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." Id. (internal quotation omitted).

During the pendency of Walker's appeal, the Supreme Court decided Pace v. DiGuglielmo, 544 U.S. ___,125 S. Ct. 1807, 1810 (2005), addressing "whether a state postconviction petition rejected by the state court as untimely nonetheless is 'properly filed' within the meaning of § 2244(d)(2)." Id. Applying previous holdings in Artuz and Saffold, the Court announced, "What we intimated in Saffold we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 1812 (quoting Saffold, 536 U.S. at 226). The Court held "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations

confirms this commonsense reading." Id. As a final note, the Court addressed the apparent unfairness to petitioners who spend years exhausting state remedies, only to discover their federal habeas relief is time barred because their state petition was never "properly filed." Id. at 1813.

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Id.; see Rhines v. Weber, 544 U.S. ___, 125 S. Ct. 1528, 1535 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Despite this adverse authority, Walker argues we should consider his petition properly filed for purposes of section 2244(d)(2) because Arkansas's verification rule was not firmly established at the time he filed his petition. Walker's assertion is foreclosed by Pace.

In Pace, at the time Pace filed his petition, the state recently amended its post-conviction relief statute, and its application was unclear. Pace v. Vaughn, 151 F. Supp. 2d 586, 588 (E.D. Pa. 2001), rev'd, 71 Fed. Appx. 127 (3d Cir. 2003) (unpublished), aff'd sub nom. Pace v. DiGuglielmo, 125 S. Ct. 1807. The trial court ruled on the merits of the petition, and Pace's appeal was pending when the state appellate court interpreted the amended statute. Based on the interpretation, the appellate court dismissed Pace's petition as untimely. Id. at 589-90. When the petitioner filed for federal habeas relief, the district court reasoned the state petition was properly filed for purposes of the AEDPA's tolling provision because the

petitioner complied with the filing requirements as they existed at the time. The district court also found "extraordinary circumstances" allowed for equitable tolling. Id. at 590-91, 95. On appeal, the Third Circuit reversed, and the Supreme Court affirmed, concluding "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction relief] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." Pace, 125 S. Ct. at 1811, 1814.

Nor are we persuaded by the sixteen cases cited by Walker where Arkansas courts reached the merits of unverified petitions, by which Walker argues the verification rule was not firmly established or consistently applied. The Supreme Court rejected a similar theory adopted by the Ninth Circuit in Saffold. In Saffold, the district court dismissed Saffold's federal habeas application, finding Saffold did not timely file his petition for review with the California Supreme Court, and therefore, it was not pending for purposes of tolling the AEDPA's one-year statute of limitations. Saffold, 536 U.S. at 218. On appeal, the Ninth Circuit reversed, reasoning the California Supreme Court must have considered the petition timely filed because it denied the petition "on the merits." Id. at 218-19, 225. The Supreme Court rejected this conclusion finding the California Supreme Court's one sentence denial, "on the merits and for lack of diligence," was not conclusive on the issue of timeliness. Id. at 225-26. The Court suggested there may be a variety of reasons a state court addresses the merits of a petition it believes is untimely, "for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner . . . that it was not merely a procedural technicality that precluded him from obtaining relief." Id. In Evans v. Chavis, No. 04-721, 2006 WL 42398, at *7 (U.S. Jan. 10, 2006), the Supreme Court recently reiterated its holding in Saffold, adding, "[i]f the appearance of the words 'on the merits' does not automatically warrant a holding that the filing was timely, the *absence* of those words could not automatically warrant a holding that the filing was timely."

We similarly reject Walker's conclusion Arkansas's verification rule is invalid simply because the state court sometimes dismisses unverified petitions on the merits, rather than on the procedural timeliness default.[3] Furthermore, Walker does not argue he relied on (or even knew about) any of these sixteen cases when Mason filed the unverified petition. To the contrary, as demonstrated by Walker's testimony, he believed the petition required verification.

The circuit court afforded ample consideration of Walker's petition. The circuit court conducted several hearings, allowed supplemental briefing, and heard testimony, including Walker's own testimony, before determining Walker's original petition was invalid and his amended petition was untimely. Because the Arkansas Supreme Court affirmed and found Walker's petition invalid, "that is the end of the matter." See Pace, 125 S. Ct. at 1811.

We hold Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations. Walker's state court judgment became final on December 8, 1999, and Walker had until December 8, 2000, to file an application for federal habeas corpus relief. Walker filed his application on April 10, 2003, more than 850 days late. The district court correctly found Walker's application was time barred under section 2244(d)(1).

## B. Equitable Tolling

We now turn to Walker's argument he is entitled to equitable tolling during the time his petition was pending in Arkansas state courts. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

---

[3]Walker submits sixteen Arkansas state cases as demonstrative examples of the purported inconsistent application of the verification rule. The cases do not warrant further discussion since they present no other legal significance.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 1814; see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstance beyond a prisoner's control make it impossible to file a petition on time.").

Walker asserts his "counsel was never on reasonable notice that a notarized petition was jurisdictionally required" and if this court determines his petition was not "properly filed," equity demands the statute be tolled during the pendency of his state post-conviction proceeding. We disagree.

First, Walker intended to file his petition pro se, he used a preprinted Rule 37 pro se petition, he requested appointment of counsel, and he requested to proceed *in forma pauperis*. Walker's Rule 37 hearing testimony demonstrates he knew the petition required notarization. Walker testified: (1) "I signed the back of the Rule 37 [petition] and also signed the part *where it was supposed to be notarized*"; (2) he thought Mason was going to have the petition notarized; and (3) from his research, he thought the form needed notarization. Second, Walker testified the petition was available to him any time, yet he waited until the weekend before the filing deadline to send the information to Mason. Third, even assuming *arguendo* Mason acted as Walker's attorney, Mason's lack of knowledge the verification requirement was jurisdictional is beside the point. Failure to comply with the state's procedural rules will bar the petition as not "properly filed," regardless whether it is labeled a jurisdictional requirement. Pace, 125 S. Ct. at 1812 (reasoning a petition must comply with all procedural rules for filing, even mechanical ones enforced by clerks); Artuz, 531 U.S. at 8 (holding a petition is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). Equitable tolling would not be justified even if we assumed Mason's error caused the lack of verification, because "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002). The pro se petition filed on November 8, 1999, was a "fill-in-the-blanks" form, designed for

prisoners to complete without assistance of counsel. Walker could have obtained the form earlier, but inexplicably did not. Walker's lack of diligence, not extraordinary circumstances, caused the rushed filing. Equitable tolling is not warranted.

## III.   CONCLUSION

For the reasons stated, we affirm the district court's dismissal of Walker's section 2254 application for writ of habeas corpus.

_____