# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3790

_____

Roy Alan Finch,                          *
                                         *
      Petitioner-Appellant,        *
                                         *   Appeal from the United States
    v.                               *   District Court for the
                                         *   Southern District of Iowa.
Thomas J. Miller,                        *
                                         *
      Respondent-Appellee.         *

_____

Submitted: June 12, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

In 1990, Roy Alan Finch was convicted of first degree murder and sentenced to life imprisonment. His conviction was affirmed by the Iowa Court of Appeals, and the Iowa Supreme Court denied further review in 1991. His petition for post-conviction relief was denied in 1998; he did not appeal. Finch filed two later post-conviction petitions, each dismissed by Iowa courts.

His first federal habeas corpus petition, filed in 2001, was dismissed without prejudice for failure to comply with the district court's orders. The present appeal

concerns his second habeas petition, filed in 2006, and dismissed by the district court[1] as time-barred. Finch asserts that state-created impediments or equitable tolling should render his petition timely. Having jurisdiction under 28 U.S.C. §§ 1291 and 2253, this court affirms.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "Congress established a 1-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, 28 U.S.C. § 2244(d), and further provided that the limitations period is tolled while an 'application for State post-conviction or other collateral review' is pending." *Lawrence v. Florida*, __ U.S. __, 127 S. Ct. 1079, 1081 (2007), *quoting* **28 U.S.C. § 2244(d)(2)**. To extend the limitations period, the state post-conviction application must be properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (If the state court rejected petitioner's post-conviction application "as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). The limitations period also is tolled by a state-created impediment violating the Constitution or federal law. **28 U.S.C. § 2244(d)(1)(B)**. This court reviews the district court's interpretation of the one-year AEDPA limitation de novo. *Walker v. Norris*, 436 F.3d 1026, 1029 (8th Cir. 2006); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) (reviewing legal conclusions de novo and factual findings for clear error).

By his chronology of tolled periods, Finch calculates that the AEDPA statute of limitations expired March 27, 2000. He contends, however, that his 2006 petition is not time-barred because unconstitutional, state-created impediments prevented timely filing. *See* **28 U.S.C. § 2244(d)(1)(B)** (limitation period begins to run upon removal of impediment); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("Congress took many equitable factors into account in providing that the one-year

---

[1]The Honorable Ronald E. Longstaff, United States District Court Judge for the Southern District of Iowa.

limitations period does not begin to run until federal habeas relief is available. §
2244(d)(1)(B)-(D)"). As impediments restricting access to the courts, Finch points
to lack of adequate law library and legal aides to assist in research, as well as his post-
conviction counsel's failure to inform him of the right to appeal. *See Scheeler v. City
of St. Cloud*, 402 F.3d 826, 830-31 (8th Cir. 2005) (discussing constitutional basis of
access-to-courts claim).

Concerning Finch's assertion of inadequate library and aides, "prison law
libraries and legal assistance programs are not ends in themselves, but only the means
for ensuring 'a reasonably adequate opportunity to present claimed violations of
fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351
(1996), *quoting Bounds v. Smith*, 430 U.S. 817, 825 (1977). "Moreover, an inmate
who alleges an access violation is required to show actual injury." *Cody v. Weber*,
256 F.3d 764, 768 (8th Cir. 2000). Because there is not "an abstract, freestanding
right to a law library or legal assistance, an inmate cannot establish relevant actual
injury simply by establishing that his prison's law library or legal assistance program
is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. In this case, Finch
argues inadequacy but fails to "demonstrate that the alleged shortcomings in the
library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.
(offering, as example, prisoner who demonstrates he "was so stymied by the
inadequacies of the law library that he was unable even to file a complaint"); *see Entzi
v. Redmann*, __ F.3d __, No.06-2116, 2007WL1296815 at *6 (8th Cir. May 4, 2007)
(finding lack of prejudice in pursuit of habeas petition).

Finch also claims impediment because his post-conviction counsel failed to
inform him of appeal rights after denial of his first post-conviction application in
1998. An impediment to filing, however, must be created by *state action*. **28 U.S.C.
§ 2244(d)(1)(B)**; *see Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) ("a public
defender does not act under color of state law when counsel to a defendant in a
criminal proceeding"); ***Holbird v. Armstrong-Wright,*** 949 F.2d 1019, 1020 (8th Cir.

1991) (finding conduct of counsel, whether retained or appointed, does not constitute state action); *see also* **Armstrong v. Iowa,** 418 F.3d 924, 926 (8th Cir. 2005) (discussing Iowa post-conviction procedure in relation to unexhausted habeas claims). Further, this court has "consistently construed *Coleman v. Thompson,* 501 U.S. [722, 752-54 (1991)], as confirming there is no Sixth Amendment right to effective assistance of post-conviction counsel." **Id**. at 927.

Finch finally contends he is entitled to equitable tolling of the statute of limitations because he has shown diligence through filing three post-conviction actions and because in 2003 he moved for a stay of his first habeas petition.

"To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Lawrence**, __ U.S. __, 127 S. Ct. at 1085 (assuming without deciding that § 2244 allows for equitable tolling). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." **Kreutzer v. Bowersox,** 231 F.3d 460, 463 (8th Cir. 2000). "Equitable tolling is an exceedingly narrow window of relief." **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005).

In this case, although Finch filed three post-conviction applications, they were mainly untimely. Further, after dismissal of his first application (which he did not appeal), years passed without a properly-filed, state application pending. *See* **Pace**, 544 U.S. at 418-19. Regarding Finch's motion to stay his first habeas petition, the district court directed him to clarify the status of his claims (including unexhausted, procedurally barred, and defaulted claims) and to file an amended petition, accordingly. Finch failed to comply, and the district court[2] dismissed his first petition

---

[2]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

without prejudice, making no ruling as to the timeliness of any future petition. ***Finch v. Iowa***, No. 01-cv-90514 (S.D. Iowa Jan. 30 & Mar. 10, 2004); *see **Rhines v. Weber***, 544 U.S. 269, 277 (2005) ("stay and abeyance should be available only in limited circumstances"). Finch has not established the necessary diligence and extraordinary circumstance warranting equitable tolling.

The judgment of the district court is affirmed.

_____