# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2387

_____

Michael Ron Runyan,                                  *
                                                     *
            Appellant,                               *
                                                     *  Appeal from the United States
      v.                                             *  District Court for the
                                                     *  Southern District of Iowa.
Jerry Burt, Warden,                                  *
                                                     *
            Appellee.                                *

_____

Submitted: February 13, 2008
Filed: April 8, 2008

_____

Before RILEY, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

      Michael Ron Runyan (Runyan) appeals the district court's[1] denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. Runyan contends the district court incorrectly determined (1) Runyan's application was untimely, and (2) Runyan was not entitled to equitable tolling. We affirm.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

## I. BACKGROUND

On October 2, 1997, Runyan was convicted of first degree murder in the Story County (Iowa) District Court. Runyan appealed, and the Iowa Supreme Court ultimately denied Runyan's application for further direct review on July 30, 1999.

Runyan mailed an application for Iowa post-conviction relief (Iowa PCR application), writing April 14, 2000 on the letter accompanying his application. On April 27, 2000, the Story County District Court issued an order directing Runyan to pay 20% of the $80.00 filing fee ($16.00), as required by Iowa Code § 610A.1(1)(a). The letter specifically informed Runyan he was required to pay the $16.00 "before the Clerk will file the post conviction relief application." The order also informed Runyan his Iowa PCR application "[did] not bear an original signature . . . and the application is not verified as required by Section 822.3, Code of Iowa." The order instructed Runyan, "When and if Mr. Runyan submits the required percentage of the filing fee he should additionally send an original verified copy of his application to the Clerk for filing." Runyan subsequently met these requirements and his Iowa PCR application was stamped as filed on May 24, 2000.

The Story County District Court denied the Iowa PCR application on the merits on September 30, 2003. Runyan appealed through the state appellate courts, and the post-conviction review process concluded on September 26, 2005.

On March 23, 2006, Runyan filed a federal application for a writ of habeas corpus pursuant to § 2254. The district court found Runyan's application untimely and denied Runyan's request for equitable tolling, dismissing Runyan's application under 28 U.S.C. § 2244(d).

## II.     DISCUSSION

We review the district court's interpretation of the one-year Antiterrorism and Effective Death Penalty Act (AEDPA) limitation de novo. See Walker v. Norris, 436 F.3d 1026, 1029 (8th Cir. 2006).

### A.     "Properly Filed" Under AEDPA

"The AEDPA establishes a one-year statute of limitations for filing federal habeas corpus petitions which runs from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Id. (quoting § 2244(d)(1)(A)). "The statute of limitations is tolled, however, while 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Id. at 1029-30 (quoting § 2244(d)(2)).

The time between the date direct review of a conviction is completed and the date an application for state post-conviction relief is filed does not toll the AEDPA one-year statute of limitations. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). The Iowa Supreme Court denied Runyan's application for further direct review on July 30, 1999. Runyan concedes the ninety-day period in which to seek certiorari to the United States Supreme Court thus would have expired on October 28, 1999, concluding the period of direct review and beginning the one-year period in which Runyan could apply for federal habeas relief. Runyan's Iowa PCR application was ultimately denied and mandated on September 26, 2005. Thus, the statute of limitations again was running until Runyan filed his federal habeas application on March 23, 2006. At issue is the date Runyan's Iowa PCR application was "properly filed" as required by § 2244(d)(2).

Runyan argues his Iowa PCR application was properly filed on April 14, 2000, the date Runyan claims he first mailed the application. Runyan thus contends his federal habeas application was filed before the expiration of the one-year limitations

period. The district court found, however, Runyan's Iowa PCR application was not "properly filed" until May 24, 2000, rendering Runyan's federal habeas application untimely by 21 days.

The district court correctly reasoned Runyan's Iowa PCR application was not properly filed as of April 14, 2000, because the original application failed to meet the State's filing requirements. The district court analogized Runyan's case to Walker. In Walker, the petitioner signed his application for post-conviction relief, but failed to verify the application properly by having it notarized, as was required by the law of the State of Arkansas. See Walker, 436 F.3d at 1028. An Arkansas state court dismissed the application because it was unverified, and the Arkansas Supreme Court affirmed. Id. at 1029. The federal district court found Walker's state application was not "properly filed" and we affirmed. See id. at 1029-32.

Runyan's case is partially distinguishable from Walker, because the Iowa state court never specifically determined Runyan's application for post-conviction relief was untimely.[2] This does not alter the inescapable conclusion Runyan's Iowa PCR application was not properly filed under Iowa law. As the United States Supreme Court has explained:

_____

[2]Runyan also argues the order sent to him by the Story County District Court "did not indicate . . . [Runyan's] application would not be filed until [Runyan] submitted a notarized version, [and] [i]n fact . . . suggest[ed] [Runyan's] application had been filed and the payment of the filing fee and verification process was only a formality." This characterization of the order is incorrect. The order specifically informed Runyan he was required to pay the $16.00 "*before the Clerk will file* the post conviction relief application." (emphasis added). The order also instructed Runyan "When and if Mr. Runyan submits the required percentage of the filing fee he should additionally send an original verified copy of his application to the Clerk *for filing*." (emphasis added).

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance *are in compliance with the applicable laws and rules governing filings*. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (internal citations and footnote omitted) (some emphasis added); see also Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

Further, the fact the Iowa courts proceeded to deny Runyan's application on the merits does not alter our conclusion. See Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (declaring a state court ruling "on the merits" does not necessarily mean the underlying petition was timely); see also Lewis v. Norris, 454 F.3d 778, 780 (8th Cir. 2006) ("[T]he Supreme Court has . . . instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such." (citing Evans v. Chavis, 546 U.S. 189, 197-98 (2006))). We are applying a federal law nationwide by interpreting numerous and varying state and local filing laws and rules in an attempt to construct some uniformity and predictability. Runyan failed to comply with the applicable Iowa laws and rules governing his initial Iowa PCR application by failing to pay the applicable filing fee and by not properly verifying the application.[3] Thus, the district court correctly found

---

[3]Runyan contends Iowa Code § 610A.1(d) required the Story County District Court to file his application even absent the fee payment, because that section provides the court may only dismiss the action if "the inmate or prisoner has previously failed to pay fees and costs in accordance with this section." Simply because the application cannot be dismissed unless the failure to pay fees has been repeated does not necessarily mean an application without proper payment is "properly filed." We need not interpret this nuance of Iowa law, because Runyan also failed to verify the Iowa PCR application, as required by Iowa Code § 822.3.

Runyan's Iowa PCR application was not properly filed until May 24, 2000, when Runyan's errors were corrected.

### B.  Equitable Tolling

The district court also correctly determined Runyan was not entitled to equitable tolling. "To be entitled to equitable tolling, [Runyan] must show (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (citation omitted). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time." Id. (citation omitted) (emphasis added). "Equitable tolling is an *exceedingly narrow* window of relief." Id. at 427-28 (citation omitted) (emphasis added).

Runyan asserts "[c]ircumstances beyond Mr. Runyan's control caused the [Story County District Court] Clerk to erroneously fail to file-stamp [Runyan's] application as of the April 14, 2000 date of filing." This contention lacks merit. As previously discussed, see supra at n.2, the Story County District Court's order was not misleading. Properly verifying the Iowa PCR application and including the requisite filing fee were entirely within Runyan's control.

Finally, Runyan contends if we uphold the district court's dismissal of Runyan's application as untimely, "the courts would never get to hear the arguments Mr. Runyan planned to make in his habeas petition . . ." and argues "this alone is an extraordinary circumstance." If we were to accept Runyan's equitable argument, it would invalidate Congress's judgment that one year represents a fair and appropriate limitations period and, in effect, nullify the limitation. Runyan's "pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." Jihad v. Hvass, 267 F.3d 803, 806-07 (8th Cir. 2001). "[A]ny invocation of equity to relieve the strict application of a statute of limitations

must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 806 (citation omitted).[4]

## III.  CONCLUSION

The district court's dismissal of Runyan's habeas application as untimely is affirmed.

_____

---

[4]We note Runyan could have protected himself via the "stay and abeyance" procedure discussed in Walker.  See Walker, 436 F.3d at 1030-31.