# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3687

_____

Jerrell Bernet Murray,

             Appellant,

    v.

United States of America,

             Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 5, 2009
Filed: March 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jerrell Bernet Murray appeals the district court's[1] denial, following a hearing, of his 28 U.S.C. § 2255 motion as untimely. The district court issued a certificate of appealability on whether Murray's late filing should be excused for ineffective assistance of his trial counsel in failing to file an appeal. We affirm.

Because Murray's criminal judgment was entered on November 13, 2003, and he did not file a direct appeal, his conviction became final on November 28, 2003,

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

when the ten-day period for filing a notice of appeal expired.  See Fed. R. App. P. 4(b)(1)(A), 26(a)(2); Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (conviction became final upon expiration of period for filing notice of appeal where defendant did not file notice of appeal).  Under 28 U.S.C. § 2255(f)(1), a motion to vacate sentence must be filed within one year from the date the conviction became final.  This one-year period can be equitably tolled "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing."  See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001);  United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (equitable tolling applies to § 2255 motion).  The use of equitable procedures should be infrequent, see Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, see Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007).

Even assuming, without deciding, that Murray properly asked counsel to file an appeal, he did not exercise diligence in discovering that no appeal had been filed. Cf. Anjulo-Lopez, 541 F.3d at 818 (movant's claim that repeated transfers prevented communication for five months, he believed appeal was filed and he should wait, he sent letters to his attorney requesting record, and filing date had passed when he attempted to contact his attorney, did not constitute diligent request for information). Murray telephoned his attorney's office and was told "at one point" that he was no longer being represented, yet he did not contact the court to check whether an appeal had been filed, see id. at 819 (noting fact that appeal had not been filed was matter of public record); and as the district court noted, his failure to mention anything about a direct appeal when he requested section 2255 forms on August 3, 2004, supports an inference that by then he knew that no appeal was pending.  Thus, even if, as the district court assumed, Murray's motion were deemed filed on January 6, 2006, it was untimely.

Accordingly, the judgment is affirmed.

_____