# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2755

_____

Stanley Isaac Nelson,                              *
                                                   *
                Appellant,                         *
                                                   *   Appeal from the United States
        v.                                         *   District Court for the
                                                   *   Eastern District of Arkansas.
Larry Norris, Director of the Arkansas             *
Department of Correction,                          *
                                                   *
                Appellee.                          *

_____

Submitted: June 18, 2010
Filed: August 26, 2010

_____

Before SMITH and HANSEN, Circuit Judges, and WEBBER,[1] District Judge.

_____

SMITH, Circuit Judge.

Stanley Nelson, an Arkansas inmate convicted of discharging a firearm from a vehicle and sentenced to 30 years' imprisonment, appeals the district court's[2] order dismissing his petition for habeas corpus relief under 28 U.S.C. § 2254 as untimely.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c)(1).

We granted Nelson's application for certificate of appealability to determine the following questions:

1. Whether Nelson's application for a writ of habeas corpus under 28 U.S.C. Section 2254 was timely filed in the district court, because Nelson's petition for state post-conviction relief under Ark. R. Crim. P. 37 was "properly filed" in the Arkansas Circuit Court within the meaning of 28 U.S.C. Section 2244(d)(2), and the statue of limitations of 28 U.S.C. [Section] 2244(d)(1) was therefore tolled while the Rule 37 petition was pending in the state court.

2. Whether, even if Nelson's Rule 37 petition was not "properly filed" in the Arkansas Circuit Court, Nelson's application under 28 U.S.C. Section 2254 was timely filed in the district court, because the statute of limitations of 28 U.S.C. Section 2244(d)(1) should be equitably tolled.

We hold that (1) Nelson's unverified Rule 37 petition did not toll the running of the one-year statute of limitations for filing a federal habeas petition because the petition was not filed in accordance with Rule 37's verification requirement and (2) Nelson is not entitled to equitable tolling. Accordingly, we affirm the district court's judgment.

## I. *Background*

Nelson was convicted of unlawful discharge of a firearm in state court and sentenced to 30 years' imprisonment. The Arkansas Court of Appeals affirmed Nelson's conviction and sentence. *Nelson v. State*, No. CACR 02-867, 2003 WL 21019602 (Ark. Ct. App. May 7, 2003) (unpublished) ("*Nelson I*"). On June 19, 2003, the Arkansas Supreme Court denied Nelson's petition for discretionary review.

On August 15, 2003, Nelson filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37 with the state trial court. The petition was

signed and verified *only* by Nelson's postconviction counsel—not by Nelson personally. The state trial court, after a hearing on the merits, denied Nelson's request for relief under Rule 37.

Nelson then appealed to the Arkansas Supreme Court, which declined to reach the merits of his arguments on appeal

> because appellant's petition was not properly verified. Arkansas Rule of Criminal Procedure 37.1(d) requires that the petition be verified. The verification requirement for a postconviction relief petition is of substantive importance to prevent perjury. *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). To serve this purpose, a petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him. *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134, [sic] (2005) (*per curiam*).

*Nelson v. State*, 213 S.W.3d 645, 646 (Ark. 2005) ("*Nelson II*"). Because Nelson's "petition was not verified as required by Ark. R. Crim. P. 37.1(d)," the Arkansas Supreme Court dismissed the petition. *Id*.

Nelson filed a petition for rehearing, contending that the Arkansas Supreme Court erred in dismissing his appeal because *Boyle* had not been decided at the time that he filed his Rule 37 petition. *Nelson v. State*, No. CR 04-732, 2005 WL 3074381, at *1 (Ark. Nov. 17, 2005) (unpublished per curiam) ("*Nelson III*"). According to Nelson, "application of *Boyle* retroactively would violate due process in that appellant's counsel should have been permitted to verify the petition on behalf of the petitioner until that decision provided notice of the requirement." *Id*. The Arkansas Supreme Court disagreed, stating:

> Appellant argues that there has been a practice to allow counsel to verify pleadings on behalf of the client, citing a civil case in support. He further cites Ark. R. Civ. P. 11 for the proposition that an attorney's signature is

a veritable verification. This court has recognized that postconviction relief proceedings are civil in nature and applied the Rules of Appellate Procedure-Civil when necessary. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). In *Sanders*, however, we declined to apply a rule of civil procedure, Ark. R. Civ. P. 56, to criminal cases. *Id*. at 25, 98 S.W.3d at 41. We do not apply Ark. R. Civ. P. 11 here, as Ark. R. Crim. P. 37.1(d) very clearly requires that the petition must be verified.

*The basis for permitting an attorney to simply sign pleadings in civil cases, and not cause the pleading to be verified, is not applicable to postconviction proceedings, and our case law has provided ample notice to that effect*, *well before* Boyle. As the State points out in its brief, the concern with the potential for perjury is heightened in a postconviction proceeding where the attorney's client has already been convicted and is incarcerated. Moreover, the attorney representing the petitioner under Ark. R. Crim. P. 37.1 almost certainly did not represent that petitioner at trial; the trial attorney's conduct must be throughly [sic] examined and questioned by counsel for a petitioner under Ark. R. Crim. P. 37.1. The attorney in a postconviction proceeding would have no personal knowledge of many of the facts in the petition to be verified.

It is well settled that the verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *Shaw v. State*, ___Ark.___,___ S.W.3d___(June 30, 2005) *(per curiam)* (citing *Bolye* [sic] and *Knappenberger v. State*, 278 Ark. 382, 647 S.W.2d 417 (1983)); *Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) *(per curiam)*; *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). That purpose is not served where counsel verifies the petition on behalf of his client. Appellant urges that this requirement that the petitioner personally verify his petition was a new and unforeseeable rule of law, but, prior to *Boyle*, this court stated that postconviction relief as sought through a petition under Rule 37.1 "requires that the petitioner be in custody and that the petition be verified *by the petitioner*." *Westbrook v. State*, 286 Ark. 192, 691 S.W.2d 123 (1985) (emphasis added). *Boyle* merely *confirmed a position already announced by this court, one that should not have been unexpected*. As there was no error of law or fact in the opinion, we must deny appellant's petition for rehearing.

-4-

*Id*. at *1–2 (emphasis added in part).

On August 21, 2006, Nelson filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254, alleging that he was denied a fair and impartial trial, the evidence is insufficient to support the verdict, his sentence is cruel and unusual, his conviction was obtained by false testimony, and his trial counsel was ineffective. In response, the State argued that Nelson's petition was time barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and that he was not entitled to statutory tolling for the time during which his petition for state collateral relief was pending because his petition did not meet the verification requirements of Rule 37 and thus was not "properly filed." The State additionally argued that Nelson had not asserted in his habeas petition that he was entitled to equitable tolling. The district court gave Nelson an opportunity to reply within 30 days to the arguments raised in the State's response.

The court then ordered the State to submit a supplemental brief on whether *Boyle* was firmly established and regularly followed at the time that Nelson filed his Rule 37 petition. In its supplemental response, the State explained:

> The United States Court of Appeals for the Eighth Circuit addressed the issue of whether a state rule regarding post-conviction[ ] petitions must be firmly established and regularly followed before it has any effect on the statute of limitations found in 28 U.S.C. § 2244, in their decision in *Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006). It is clear, from that decision, that Petitioner is not entitled to statutory tolling, however, it appears that this Court is interested in whether he is entitled to equitable tolling.

According to the State, "[t]he Arkansas Rule requiring a post-conviction petition to be verified has been in effect for at least the last 26 years," and Nelson's post-conviction counsel's error in not recognizing that rule did not entitle Nelson to equitable tolling. Nelson failed to reply to the State's supplemental response.

-5-

The district court dismissed Nelson's habeas petition, finding that Nelson's case was precluded by *Walker*, where this court held that an "unverified petition was not 'properly filed' for purposes of tolling the limitations period." *Haliburton v. Norris*, No. 5:05CV00306 WRW/JTR, 2007 WL 2343872, at *4 (E.D. Ark. Aug. 13, 2007) (unpublished order) (citing *Walker*, 436 F.3d at 1031).

Nelson then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60. Nelson argued that the district court overlooked and thus failed to address his equitable-tolling argument. In response, the State argued that the court should dismiss Nelson's equitable-tolling claim because his Rule 60 motion was a successive habeas petition; in the alternative, the State contended that Nelson failed to make the required showing of exceptional circumstances to warrant relief under Rule 60. Nelson replied that his Rule 60 motion was not a successive petition.

The district court concluded that Nelson's Rule 60 motion was not a successive petition but nonetheless denied relief. The court noted that, although Nelson mentioned equitable tolling in his motion for extension of time to reply to the State's supplemental response to the petition and in his motion for reconsideration of the court's order denying counsel, "he offered no support for such a claim and the court simply did not consider it as having been properly raised." Alternatively, the court held that even if Nelson had properly raised his argument, he was not entitled to equitable tolling because Arkansas's verification requirement had long been the rule of law even before *Boyle* and that the application of a state's procedural rule is not an extraordinary circumstance that warrants equitable tolling.

## II. *Discussion*

We first address whether Nelson's habeas petition was timely filed in the district court. The timeliness of Nelson's habeas petition depends upon whether Nelson's petition for state postconviction relief under Rule 37 was "properly filed" in the state trial court within the meaning of § 2244(d)(2). If Nelson "properly filed" his Rule 37

petition, then the statute of limitations of § 2244(d)(1) was tolled while his Rule 37 petition was pending in state court. If we conclude that Nelson's Rule 37 petition was not "properly filed," then we must address whether Nelson is entitled to equitable tolling of the statute of limitations of § 2244(d)(1).

### A. *Statutory Tolling*

Nelson argues that he is entitled to statutory tolling of the one-year statute of limitations because his state court petition for postconviction relief was "properly filed" under *Artuz v. Bennett*, 531 U.S. 4 (2000). According to Nelson, his petition filed under Rule 37 was "properly filed" because the rule announced in *Boyle*—that the petitioner must personally verify a Rule 37 motion and that a lawyer's verification is insufficient—was not firmly established, regularly followed, and consistently applied to bar federal habeas review. Nelson contends that if a rule does not meet these requirements, it should not bar federal habeas review in the statute-of-limitations context.

In response, the State contends that Nelson's petition for postconviction relief pursuant to Rule 37 was not "properly filed" for purposes of statutory tolling because the personal-verification requirement applied by the Arkansas Supreme Court is a "condition to filing" and, pursuant to *Walker*, this court does not look beyond the state court's application of the rule to determine whether Nelson's petition was "properly filed." Additionally, the State argues that the Arkansas Supreme Court's willingness to reach the merits of other unverified petitions does not make Nelson's petition "properly filed" for statutory tolling purposes.

> This court has "jurisdiction to review a district court's ruling on 'preliminary procedural issues, such as [a] limitations question' [and] review[s] the district court's interpretation of the one-year AEDPA limitation provision de novo." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002) (quoting *Nichols* [*v. Bowersox*], 172 F.3d [1068,] 1070 n.2 [(8th Cir. 1999) (en banc)]). The AEDPA establishes a one-year

statute of limitations for filing federal habeas corpus petitions which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

*Walker*, 436 F.3d at 1029–30.

Here, Nelson's conviction became final on September 17, 2003—90 days after the Arkansas Supreme Court denied his petition for review. *See Smith v. Bowersox*, 159 F.3d 345, 347–48 (8th Cir. 1998) (stating that if petitioner does not seek certiorari from United States Supreme Court, the conviction becomes final upon expiration of time for petitioning for certiorari). Nelson filed his federal habeas petition almost three years later, on August 21, 2006. But, Nelson's Rule 37 proceeding was pending from August 15, 2003, until November 17, 2005. If that time period is excluded from the limitations period, only 277 days accrued toward the limitations period when Nelson filed his federal petition. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

Unfortunately, Nelson's argument for statutory tolling is foreclosed by *Walker*. In *Walker*, the petitioner's Rule 37 motion was dismissed because he did not notarize his verification. The petitioner cited cases in which the state courts had denied unverified motions on the merits, arguing that the verification requirement was not firmly established, regularly followed, and consistently applied. 436 F.3d at 1029. We disagreed, noting that courts might deny a motion on the merits notwithstanding its untimeliness. *Id*. at 1031 (citing *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002)). Further, we explained that the Arkansas Supreme Court's determination that the

motion was invalid was the "'end of the matter.'" *Id.* at 1032 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Thus, under *Walker*, if a state court finds that a motion fails to comply with filing requirements, that motion is not "properly filed," regardless of whether those filing requirements are firmly established and regularly followed. *See* Brian R. Means, *Federal Habeas Manual* § 9A:48 (2008) ("Analysis of the independence or adequacy of the state's procedural bar is not relevant to whether the state petition was properly filed. In other words, if the petitioner failed to meet a 'condition to filing,' whether that 'condition to filing' is adequate and independent under procedural default jurisprudence is not relevant.") (citing, *inter alia*, *Walker*, 436 F.3d at 1030–32).

Here, the Arkansas Supreme Court specifically held that Nelson's Rule 37 petition was not properly verified because Nelson did not execute the verification. *Nelson II*, 213 S.W.3d at 646. "Because the Arkansas Supreme Court affirmed and found [Nelson's] petition invalid, 'that is the end of the matter.'" *Walker*, 436 F.3d at 1032 (quoting *Pace*, 544 U.S. at 414).

## B. *Equitable Tolling*

Because Nelson is not entitled to statutory tolling, we must address his argument that he is entitled to equitable tolling because his state court petition was prepared and filed in compliance with generally accepted "rules" that existed at the time. According to Nelson, his state court petition was filed in 2003, and it was not until 2005 that the Arkansas Supreme Court decided *Boyle* and held that Rule 37's verification requirement means that the inmate himself must personally sign the Rule 37 petition, even if he is represented by counsel. Nelson asserts that, since *Boyle*, the Arkansas Supreme Court has unconstitutionally applied *Boyle* retroactively to Rule 37 petitions; prior to *Boyle*, there was no indication that the inmate's own personal signature was a jurisdictional requirement. Nelson maintains that decades prior to *Boyle*, the routinely accepted practice was that the inmate's signature was not required.

The Supreme Court of the United States recently held that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace*, 544 U.S. at 418).

We need not decide whether Nelson properly raised his equitable tolling argument before the district court because, even if he did, he failed to pursue his rights diligently. The Arkansas Supreme Court denied his petition for rehearing on November 17, 2005. *Nelson III*, 2005 WL 3074381. But Nelson did not file his federal habeas petition until August 21, 2006—277 days, or nine months—*after* the Arkansas Supreme Court denied rehearing. In *Pace*, the Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. 544 U.S. at 419. Similarly, in *Earl v. Fabian*, the petitioner alleged "that he did not receive notice that his judgment of conviction had become final until . . . approximately seven months after the decision was rendered," but this court noted that the petitioner "still had . . . a span of approximately eight months . . . to file his habeas petition." 556 F.3d 717, 724 (8th Cir. 2009). This court concluded that "under such circumstances [the petitioner] would not be entitled to equitable tolling." *Id*. Further, Nelson has made no showing that some extraordinary circumstances stood in his way to prevent a timely filing.

We hold that, like the petitioners in *Pace* and *Earl*, Nelson failed to pursue his rights diligently by not filing his habeas petition until nine months after the Arkansas Supreme Court denied rehearing and therefore is not entitled to equitable tolling of the statute of limitations.

### III. *Conclusion*

Accordingly, we affirm the district court's judgment.

_____